IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

```
F I L E D

AUG 2 4 2018
```

TRUSTEES OF THE PLUMBERS AND           )
PIPEFITTERS NATIONAL                   )
PENSION FUND,                          )
                                       )
                Plaintiffs,            )
                                       )        Civil Action No. 1:18cv0670 (AJT/JFA)
        v.                             )
                                       )
PERFORMANCE AIR CONDITIONING,          )
INC.,                                  )
                                       )
                Defendant.             )
_____)

### PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiffs' motion for default judgment. (Docket no. 9). Plaintiffs are the Trustees of the Plumbers and Pipefitters National Pension Fund ("National Pension Fund") and they seek a default judgment against the defendant Performance Air Conditioning, Inc. ("Performance Air Conditioning"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all parties.

### Procedural Background

On June 5, 2018, the National Pension Fund filed this action alleging that Performance Air Conditioning breached its Collective Bargaining Agreement with the United Association Local Union No. 537 and seeking an award for past due contributions, liquidated damages, interest, attorney's fees and costs, and injunctive relief. (Docket no. 1). A summons was issued on June 8, 2018, and the summons and complaint were served on Ross Tollman, the vice president of Performance Air Conditioning, on June 21, 2018. (Docket nos. 3, 4). In

1

accordance with Federal Rule of Civil Procedure 12(a), Performance Air Conditioning's

responsive pleading was due on July 12, 2018; 21 days after being served with the summons

and complaint. Performance Air Conditioning failed to file a responsive pleading in a timely

manner and on July 30, 2018, the National Pension Fund filed its request for entry of default.

(Docket no. 7). The Clerk of Court entered default against Performance Air Conditioning

pursuant to Federal Rule of Civil Procedure 55(a) on July 31, 2018. (Docket no. 8). On August

3, 2018, the National Pension Fund filed a motion for default judgment, a memorandum in

support, and a notice of hearing for August 24, 2018. (Docket nos. 9–11). The motion for

default judgment was supported by an affidavit from Toni C. Inscoe. (Docket no. 10-1) ("Inscoe

Aff.") and a declaration from John R. Harney (Docket no. 10-2) ("Harney Decl."). The motion

for default judgment and supporting papers were served on Performance Air Conditioning by

mail on August 3, 2018. (Docket nos. 9–11). On August 24, 2018, counsel for the National

Pension Fund appeared at the hearing on the motion for default judgment before the

undersigned and no one appeared on behalf of Performance Air Conditioning.

### Factual Background

The following facts are established by the complaint (Docket no. 1) ("Compl."), the

memorandum in support of the motion for default judgment (Docket no. 10), and the affidavit

and declaration attached as exhibits to the memorandum (Docket nos. 10-1, 10-2).

The Trustees of the Plumbers and Pipefitters National Pension Fund are the trustees of a

multi-employer employee benefit plan as defined by the Employee Retirement Income Security

Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3) and (37). (Compl. ¶ 1). The National Pension

Fund is established and maintained by a Restated Agreement and Declaration of Trust and by a

Collective Bargaining Agreement between the United Association Local Union No. 537 and

2

defendant Performance Air Conditioning. *Id.* The National Pension Fund is administered in
Alexandria, Virginia. *Id.* Performance Air Conditioning is a corporation existing under the
laws of Massachusetts and it transacts business in Massachusetts as a contractor or
subcontractor in the plumbing and pipefitting industry. (Compl. ¶ 2). During the relevant time
period, Performance Air Conditioning was an "employer in an industry affecting commerce" as
defined by 29 U.S.C. §§ 1002(5), (9), (11), (12), and (14); 29 U.S.C. §§ 142(1), (3), and 152(2);
and 29 U.S.C. § 1001(a). *Id.*

The National Pension Fund brings this action under sections 502 and 515 of ERISA, 29
U.S.C. §§ 1132 and 1145, and under section 301 of the Labor Management Relations Act
("LMRA"), 29 U.S.C. § 185(a). (Compl. ¶ 3). Performance Air Conditioning is a signatory to
the Collective Bargaining Agreement with United Association Local Union No. 537, which
establishes the terms and conditions of employment for journeymen and apprentice plumbers
and pipefitters employed by Performance Air Conditioning. (Compl. ¶ 4). Pursuant to the
Collective Bargaining Agreement, Performance Air Conditioning agreed to pay the National
Pension Fund certain sums of money for each hour worked by employees covered by the
Collective Bargaining Agreement. (Compl. ¶ 5). The National Pension Fund claims that
Performance Air Conditioning employed certain employees covered under the Collective
Bargaining Agreement and failed to make proper contributions to the National Pension Fund for
work performed at Performance Air Conditioning's request. (Compl. ¶¶ 6, 7). In the complaint,
the National Pension Fund asserts that Performance Air Conditioning failed to make
contributions from June 2017 through April 2018 in the amount of $2,277.00 as calculated
under Article VI, Section 6 of the Restated Agreement and Declaration of Trust since defendant
failed to submit reports for those months. (Compl. ¶¶ 7–13). The affidavit of Toni C. Inscoe

establishes that after this action was filed, Performance Air Conditioning submitted reports and contributions for the months of June 2017 through April 2018 but those payments were not made in a timely manner.  (Inscoe Aff. ¶¶ 5, 8).

The National Pension Fund alleges that Performance Air Conditioning is bound to Article VI, Section 5 of the Restated Agreement and Declaration of Trust, which provides that an employer who fails to pay the amounts required by the Collective Bargaining Agreement shall be considered delinquent and may be assessed liquidated damages in the amount of 10% of the amount due if payment is not received by the due date.  (Compl. ¶ 14).  Interest is also assessed at a rate of 12% per annum from the date the payment was due through the date of payment to the National Pension Fund.  (Inscoe Aff. ¶ 9).

Count I of the National Pension Fund's complaint asserts that pursuant to 29 U.S.C. § 1132(g)(2), it is entitled to a judgment awarding: (1) the full amount of unpaid contributions for June 2017 through April 2018; (2) liquidated damages; (3) interest; and (4) the reasonable attorney's fees and costs incurred in this action.  In Count II, the National Pension Fund seeks an order enjoining the violations of the terms of the employee benefit plan and requiring Performance Air Conditioning to submit timely contributions and remittance reports to the National Pension Fund.[1]

In the motion for default judgment, the National Pension Fund requests a judgment in the amount of $253.29 for liquated damages, $160.58 in interest, and attorney's fees of $1,885.00 and costs in the amount of $566.29.

---

[1] The National Pension Fund has not pursued its request for injunctive relief in the motion for default judgment.

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Federal Rule of Civil Procedure 55(b)(2) provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## Jurisdiction and Venue

The National Pension Fund alleges that this court has subject matter jurisdiction under sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under section 301 of the LMRA, 29 U.S.C. § 185(a). (Compl. ¶ 3). ERISA section 502 provides that U.S. district courts have jurisdiction over civil actions brought under this title. ERISA section 515 states that employers bound by collective bargaining agreements or multi-employer plans shall make contributions in accordance with the terms of the plans or agreements. LMRA section 301 provides jurisdiction in the U.S. district courts for suits for violation of contracts between an employer and a labor organization. This case is properly before the court under its federal question jurisdiction pursuant to 29 U.S.C. § 1132(e).

ERISA section 502 states that an action under this title may be brought in the "district where the plan is administered" and "process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). The National Pension Fund states that it is administered in Alexandria, Virginia. (Compl. ¶ 1). On June 21, 2018, the summons and complaint were served on Ross Tollman the vice president of Performance Air Conditioning, in Needham, Massachusetts. (Docket no. 4). Venue is proper in this court and this court has personal jurisdiction over Performance Air Conditioning since the National Pension Fund is administered within the Alexandria Division of the Eastern District of Virginia and the defendant was served properly. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040 (E.D. Va. 1997) (personal jurisdiction in an ERISA action should be determined on the basis of the defendant's national contacts with the United States pursuant to the Due Process Clause of the Fifth Amendment and ERISA itself provides for nationwide service of process).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over Performance Air Conditioning, and that venue is proper in this court.

## **Grounds for Entry of Default**

The summons and complaint were served on Performance Air Conditioning's vice president on June 21, 2018. (Docket no. 4). Under Federal Rule of Civil Procedure 12(a), a responsive pleading was due on July 12, 2018. After Performance Air Conditioning failed to file a response in a timely manner, the National Pension Fund requested an entry of default (Docket no. 7) and a default was entered on July 31, 2018 (Docket no. 8).

6

Based on the foregoing, the undersigned magistrate judge recommends a finding that Performance Air Conditioning was served properly, that it failed to file a responsive pleading in a timely manner, and that the Clerk of Court properly entered a default as to Performance Air Conditioning.

### Liability and Measure of Damages

Rule 54(c) of the Federal Rule of Civil Procedure provides that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because the defendant is in default, it admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6). As set forth in the complaint, Performance Air Conditioning failed to make required contributions to the National Pension Fund for the months of June 2017 through April 2018. (Compl. ¶ 7). ERISA section 515 provides that in any action brought to enforce the payment of delinquent contributions in which a judgment in favor of the plan is awarded, the court shall award the plan:

      (A) the unpaid contributions,
      (B) interest on the unpaid contributions,
      (C) an amount equal to the greater of--
            (i) interest on the unpaid contributions, or
            (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
      (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
      (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In support of its damages claim, the National Pension Fund submitted an affidavit from Toni C. Inscoe with the motion for default judgment. (Docket no. 10-1). In addition to the

affidavit from Toni C. Inscoe, the National Pension Fund submitted a declaration from John R. Harney detailing the attorney's fees and costs incurred in this action. (Docket no. 10-2).

The information contained in the Inscoe affidavit establishes that Performance Air Conditioning did not make the contributions owed for the months of June 2017 through April 2018 in a timely manner. (Inscoe Aff. ¶¶ 5, 8). Performance Air Conditioning owes the National Pension Fund liquidated damages in the amount of $253.29 calculated at the rate of 10% of the total amount of the contributions not paid in a timely manner and interest in the amount of $160.58 calculated at the rate of 12% from the date the payments were due through July 27, 2018. (Inscoe Aff. ¶¶ 5–10). In addition, the Harney declaration details the attorney's fees and costs incurred on behalf of the National Pension Fund in this matter. The total amount of the attorney's fees incurred was $1,885.00 for 1.5 hours of attorney time (at a rate of $270 per hour) and 9.25 hours of paralegal time (at a rate of $160 per hour) and the amount of costs was $566.29 for the filing fee, process server, and computerized research. (Harney Decl. ¶¶ 5–10). The undersigned magistrate judge has reviewed the Harney declaration and the supporting documentation and recommends the court find that the amount requested for attorney's fees by the National Pension Fund is reasonable and should be paid by the defendant Performance Air Conditioning.[2]

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of the Trustees of the National Pension Fund against Performance Air Conditioning, Inc. on Count I of the complaint in the **total amount of $2,865.16,** consisting of

---

[2] The Harney declaration does not comply fully with the standards set forth in *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–23 (4th Cir. 2008), *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) for establishing a reasonable fee award. However, since the defendant has not contested the requested amount of fees in this case, the court will accept the allegations set forth by the National Pension Fund concerning the reasonableness of these fees as true. The total amount of the fees and costs requested is consistent with fees and costs incurred and awarded by this court in similar cases.

$253.29 for liquated damages, interest in the amount of $160.58, costs of $566.29, and attorney's fees of $1,885.00.

## Notice

By means of the court's electronic filing system and by mailing a copy of these proposed findings of fact and recommendations to the defendant Performance Air Conditioning, Inc. at 52 Brook Road, Needham, MA 02494, the parties are notified that objections to these proposed findings of fact and recommendations must be filed within fourteen (14) days of service of these proposed findings of fact and recommendations and failure to file timely objections waives appellate review of the substance of these proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on these proposed findings of fact and recommendations.

ENTERED this 24th day of August 2018.

/s/
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

9